UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
LUCIA VLAD-BERINDAN,

        Plaintiff,

        -against-

LIFEWORX, INC. and JEAN N. HELLER,

        Defendants.
-----------------------------------------------------X

OPINION AND ORDER
13 CV 1562 (LB)

**BLOOM, United States Magistrate Judge:**

Plaintiff Lucia Vlad-Berindan brings this *pro se* employment discrimination action against defendant LifeWorx, Incorporated ("LifeWorx") and Jean H. Heller ("Heller") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA")[1] and various claims under New York law.[2] Plaintiff claims that defendants discriminated against her on the basis of her race, gender, age, national origin and disability. This matter was assigned to me on the parties' consent. (ECF Nos. 7, 9, 12). Plaintiff's motions to withdraw consent, for recusal, to strike, for sanctions, for default judgment, and for reconsideration of the Court's December 5, 2013 order are denied. (ECF Nos. 41-42, 45-46, 49-51, 53-55). Plaintiff's motion to seal her medical

---

[1] Although plaintiff did not check the ADA on her form complaint, she alleges elsewhere in her complaint that defendants discriminated against her based on her disability. *See e.g.* Complaint at 3, ¶ 7; 7. (ECF No. 1) (Page numbers refer to those assigned by the Court's electronic filing system; the paragraphs cited refer to paragraphs of the form complaint). Because *pro se* pleadings are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court reads the complaint to include an ADA claim.

[2] In addition to plaintiff's claims here, plaintiff filed a small claims action against defendant LifeWorx in state court, as well as claims with the New York State Department of Labor, the United States National Labor Relations Board, and the Internal Revenue Service. (ECF No. 11 at 1, fn.1; ECF No. 44 at 85-88, 90-95, 108, 110-115; ECF No. 60 at 7-9 (listing actions and dispositions) & Exhibits at 70-80, 93-100).

1

records filed as "Exhibit L" of ECF No. 44 is granted. (ECF No. 50). Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 38). For the reasons set forth below, defendants' motion to dismiss the complaint is granted.

## BACKGROUND

Plaintiff is a fifty-five year old former employee of defendant LifeWorx, a home staffing company. *See* Compl. at 3, ¶ 7 (ECF No. 1).[3] During a two-month period in 2011, plaintiff was hired by LifeWorx, entered into an Expert Services Agreement with LifeWorx on July 13, 2011 and accepted an assignment to work for Heller, one of LifeWorx's clients on or about July 17, 2011. *Id.* at 17-19. Plaintiff stopped working for Heller on or about October 4, 2011, when Heller terminated the relationship with LifeWorx. *Id.* at 19-20, 56. Plaintiff has not received any assignments from LifeWorx since that date. *Id.* at 8, 19-20.

On March 29, 2012, plaintiff filed a Verified Complaint of Discrimination with the New York State Division of Human Rights ("NYSDHR") against LifeWorx and Brian Martin, an employee of LifeWorx. *Id.* at 4, ¶ 9; 8; 57-63 (NYSDHR Complaint). In the NYSDHR Complaint, plaintiff checks the boxes to claim discrimination based on marital status, domestic violence victim status, national origin, and sex, but not race, age or disability. *Id.* at 59. As to

---

[3]Plaintiff attaches a number of documents to her Complaint, including the charge of discrimination plaintiff filed with the New York State Division of Human Rights ("NYSDHR Complaint"), a Notice issued by the Equal Employment Opportunity Commission ("EEOC") acknowledging the filing of plaintiff's NYSDHR Complaint, the Determination and Order after Investigation issued by the NYSDHR ("NYSDHR Determination"), and the Right to Sue notice issued by the EEOC. The Court may consider these documents on a motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[O]n a motion to dismiss, a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference . . . .") (internal quotation omitted); *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 436 (E.D.N.Y. 2010) ("[W]ith respect to administrative filings (such as the NYSDHR and the EEOC) and decisions, the Court may consider such documents because they are public documents filed in state administrative proceedings as well as because they are integral to plaintiff's claims.").

2

the acts of discrimination, plaintiff checks the boxes for fired or laid off, did not call me back after a lay-off, sexually harassed me, harassed or intimidated me (other than sexual harassment), denied me leave time or other benefits, paid me a lower salary than other workers in my same title, gave me different or worse job duties than other workers in my same title, and gave me a disciplinary notice or negative performance evaluation. *Id.* at 61. By letter dated April 25, 2012, plaintiff was informed that her NYSDHR Complaint was dual-filed with the EEOC, charging LifeWorx with a violation of federal law under Title VII. *Id.* at 8, ¶ 8; 52-53. The letter informed plaintiff, *inter alia,* that she would have fifteen (15) days from the date of the final determination by the NYSDHR to request review of their findings by the EEOC. *Id.* at 52.

On September 20, 2012, the NYSDHR found no probable cause that LifeWorx "engaged in or are engaging in the unlawful discriminatory practice complained of." *Id.* at 64-65. The NYSDHR found that for the purposes of New York States Human Rights Law, plaintiff is not an employee, but should be classified as an independent contractor. Even if she were an employee, the NYSDHR found that "there is little evidence that [Vlad-Berindan] was subjected to employment discrimination." *Id.*

The NYSDHR Determination further informed plaintiff of her rights regarding appeal and review: (1) she could appeal the decision to the New York State Supreme Court by filing within sixty days after service of the Determination; and (2) she could seek review of the Determination by the EEOC by written request submitted within fifteen days of her receipt of the Determination. *Id* at 65-66. Plaintiff sought neither an appeal nor review by the EEOC.

In mid-December, 2012, plaintiff received the Dismissal and Notice of Rights from the EEOC dated December 12, 2012. *Id.* at 5; 9; 54 (Dismissal and Notice of Rights for EEOC Charge No. 16G-2012-02685) ("Right to Sue Letter"). Plaintiff filed the instant action on March 21, 2013.

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that plaintiff's Title VII claims are untimely, that any ADA or ADEA claims are administratively unexhausted, and that plaintiff cannot state a claim against Heller because she is not subject to Title VII liability. Defendants also argue that plaintiff's state law intentional infliction of emotional distress claim is time-barred. Moreover, defendants maintain that as all of plaintiff's federal claims should be dismissed, this Court should decline to exercise jurisdiction over plaintiff's state law claims. Plaintiff opposes defendants' motion and has filed multiple motions, attaching hundreds of pages of documents.

## DISCUSSION

### I. PLAINTIFF'S MOTIONS

Plaintiff's motions to withdraw consent, to strike, for recusal, for sanctions, for default judgment, and to reconsider the Court's December 5, 2013 order are denied for the following reasons.

Plaintiff's motion seeking to rescind her consent (ECF Nos. 51, 52) is denied because she has not presented any "extraordinary circumstances" required by 28 U.S.C. § 636(c)(4) (The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection); *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, No. 04 Civ. 9651, 2011 WL 70593, at *3 (S.D.N.Y. Jan. 10, 2011)[4] (a party's dissatisfaction with a magistrate judge's decision does not constitute an extraordinary circumstance under § 636(c)(4)); *Doe v. Nat'l Bd. of Med. Exam'rs*, No. Civ. A. 99–4532, 2001 WL 1003206, at *4 (E.D.Pa. Aug.14,

---

[4] The Clerk of Court is directed to send plaintiff the attached copies of all unreported cases.

4

2001) ("Perceived friction between the party and the magistrate judge, even coupled with adverse rulings, is not extraordinary, but is, in fact, quite ordinary and normal.")

Plaintiff also moves for reconsideration under Fed. R. Civ. P. 60 of the Court's December 5, 2013 Order. (ECF Nos. 40, 53 & 54). The standard is strict for granting a motion for reconsideration under either Rule 60(b) of the Federal Rules of Civil Procedure or under Local Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Indeed, a district court will generally deny reconsideration unless the moving party can point to either "controlling decisions or data that the Court overlooked - matters that might reasonably be expected to alter the conclusion reached by the court." *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (quoting *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Plaintiff fails to point to any controlling decisions or data that this Court overlooked or that would otherwise lead this Court to alter its conclusion. Therefore, plaintiff's motion for reconsideration is denied. Again, as stated in the original decision on plaintiff's motion for recusal, "plaintiff has made no showing of bias, and none exists." (ECF No. 40 at 3). Accordingly, plaintiff's December 10, 2013 renewed motion for recusal is denied.[5] (ECF Nos. 41, 42).

Plaintiff's motion for sanctions against defendants (ECF No. 49) is likewise denied because plaintiff fails to allege any basis for the imposition of sanctions. Her accompanying request for an extension of time to file a motion for sanctions is denied as moot. Finally, her motion to strike (ECF Nos. 41, 42) and motion for default judgment (ECF Nos. 45-46) are also denied as without basis.

---

[5] Plaintiff reiterates the same bases for recusal stated in her prior motion for recusal, alleging that "the Court granted all defendants contrary to the law requests, and ignored or dismissed all plaintiff's entitled objection, requests, and/or motions. [T]he Court shows obvious bias and hate toward disabling pro se plaintiff, and intentionally tort the sick plaintiff." (ECF No. 42 at 19).

Plaintiff's motion to seal the medical records she attached to her Opposition to Motion to Dismiss filed December 10, 2013, specifically, Exhibit L 1-17 (ECF No. 44 at 54-83) is granted. *Shomo v. New York Dept. Of Corr. Servs.*, No. 9:04–CV–0910, 2007 WL 2580509, at *14, n. 84) (N.D.N.Y. Sept. 4, 2007) (district courts routinely file medical records under seal to protect plaintiff's privacy interests in his medical records).

## II. DEFENDANTS' MOTIONS

### A. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "In keeping with these principles," the Supreme Court has stated, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

As plaintiff is proceeding *pro se*, the Court is obliged to construe her complaint liberally, "even as [it] examine[s] such complaint[] for factual allegations sufficient to meet the plausibility requirement." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citation omitted). "It is well-established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (other citations omitted). However, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Med. College*, 663 F.Supp.2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Federal Practice §§ 12.34[1][b], at 12-61 (2005)). While the Court is "obligated to draw the most favorable inferences that [plaintiff's] complaint supports, [it] cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

The defendants also move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The standards for reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) are the same" as those under Rule 12(b)(6). *Dupree v. Local 32BJ*, No. 10–CV–1894, 2010 WL 3430530, at *1 (E.D.N.Y. Aug. 30, 2010). Therefore, the Court must "accept the factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Id.* at *2 (internal citation omitted). "However, 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

### B. No Individual Liability

Plaintiff names Jean N. Heller as a defendant to this action. Heller retained the services of LifeWorx and plaintiff was assigned to work for Heller from July to October 2011. However, there is no individual liability under Title VII, the ADA or the ADEA. *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (Title VII and ADEA); *see also Tomka v. Seiler Corp.*, 66 F.3d

1295, 1313 (2d. Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *see also Garibaldi v. Anixter, Inc.*, 407 F.Supp.2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under *any* of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA."). Therefore, defendant Heller's motion to dismiss plaintiff's claims under Title VII, the ADA and the ADEA is granted for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### C. Title VII Claim Is Barred by the 90-Day Statutory Filing Period

#### 1. Plaintiff Failed To File Her Complaint Within The Statutory Filing Period

Title VII provides that "[i]t shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e–2(a). "To maintain a discrimination action under Title VII, a plaintiff must file a timely charge with the EEOC or the equivalent state agency, receive from that agency a right to sue letter, and commence an action within 90 days after receipt of that letter." *Walter v. Hamburg Centr. Sch.l Dist.*, No. 04 CV 996S, 2007 WL 1480965 at *3 (W.D.N.Y. 2007) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996); *see* 42 U.S.C. § 2000e–5(f)(1) (specifying that a Title VII action must be brought within 90 days of the claimant's notification of her Right to Sue). There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n. 1 (1984)). There is a further presumption that a mailed document is received three days after its mailing.

*See id.* at 525. The initial presumption is not dispositive, however, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Id.* at 526.

Plaintiff does not dispute that her claim is untimely; in fact, she submitted a "motion for extension of time to file" with her complaint. (ECF No. 5). The Right to Sue letter is dated December 12, 2012 and, presumably, was received on December 15, 2012. (ECF No. 1 at 54); *Sherlock*, 84 F.3d at 525. However, the complaint provides two different dates of receipt. In paragraph twelve of the form complaint, plaintiff states that she received the Right to Sue letter on December 18, 2012. *Id.* at 5. Later, she states that she received the Right to Sue letter on December 15, 2012. *Id.* at 9. Regardless of which date of receipt is correct, plaintiff's complaint is time-barred. As plaintiff commenced this action on Thursday, March 21, 2013, which is, either 93 or 96 days[6] after she received the Right to Sue letter from the EEOC, plaintiff failed to file suit within the required ninety days. Thus, her Title VII claim is time-barred. *See* 42 U.S.C. § 2000e–5(f)(1); *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 78 (2d Cir. 2003) (affirming dismissal of complaint received by *pro se* office 92 days after receipt of Right to Sue notice); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (dismissing action filed 97 days after receipt); *Ford v. Consol. Edison Co. of N.Y. Inc.*, No. 03 Civ. 9587, 2006 WL 538116, at *6-7 (S.D.N.Y. Mar. 3, 2006) (dismissing Title VII claim as time barred where lawsuit was filed 92 days after plaintiff's attorney received Right to Sue letter); *Manley v. N.Y.C. Police Dep't*, No. 05 Civ. 679, 2005 WL 2664220, at *3-5 (E.D.N.Y. Oct. 19, 2005)

---

[6] Friday, March 15, 2013, was ninety days from Saturday, December 15, 2012; Monday, March 18, 2103, was ninety days from Tuesday, December 18, 2012. *See* http://www.timeanddate.com/date/dateadd.html (last visited March 26, 2014).

(dismissing Title VII claim as untimely where lawsuit was filed 91 days after receipt of Right to Sue letter).

### 2. Plaintiff Is Not Entitled to Equitable Tolling

The ninety-day period, however, is not jurisdictional, but rather is a statute of limitations and thus subject to equitable tolling. *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d at 146 ("The Supreme Court ... has evinced a policy of treating Title VII time limits not as jurisdictional predicates, but as limitations periods subject to equitable tolling."). "Equitable tolling is only appropriate in rare and exceptional circumstances such as when a party is prevented in some extraordinary way from exercising his rights." *Cherry v. City of New York*, 381 F. App'x 57, 58–59 (2d Cir. 2010) (internal quotations and citations omitted). A plaintiff bears the burden of proving that tolling is appropriate. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). A plaintiff must show that she (1) has acted with reasonable diligence during the time period she seeks to have tolled and (2) has proved extraordinary circumstances justifying application of equitable tolling. *Zerilli-Edelglass*, 333 F.3d at 80-81. This Circuit has been clear that "[a]s a general matter, we set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011).

Plaintiff's explanation of her tardy filing of the instant complaint is contained in her motion for extension of time to file her complaint. (ECF No. 5 at 2 ("On January 16, 2013, I underwent a surgery related with a previous vital surgery I underwent on 4/10/2012. The pain and suffering before, during, and after surgery impeded me to file in time the lawsuit."), and in her affirmation, which asserts "[my] medical past and present condition, conditions which are also grounds for good cause and excusable neglect . . . for extension of all her late filings . . . including . . . this law suit three days late." (ECF No. 42 at 9). She lists two heart surgeries, that

she is under psychiatric treatment, and that after her second surgery in January 2013, she "still suffers aggravate depression, panic attack, pain etc, and functional limitations." *Id.* at 10. She also states that "[d]ue to a length period of time of recovery and the use of strong pain killers and other strong medicine, on March 7, 2013 plaintiff was admitted for UBH treatment"[7] and that she "has days when she cannot walk without being attended, and days when she cannot focus to computer pleadings work for her cases." *Id.*

Plaintiff also files one hundred thirty-three pages of exhibits which include about thirty pages of medical records with her opposition.[8] Plaintiff's medical records reflect that she had open heart surgery on April 10, 2012 (more than eight months before she received the EEOC Right to Sue letter). Following surgery, plaintiff convalesced for six to eight weeks. In December, 2012, plaintiff became ill with bronchitis and other respiratory maladies and was concerned that she was allergic to the metal wires implanted during her heart surgery. On January 16, 2013, plaintiff had surgery to remove that metal and was released the next day, January 17, 2013. Plaintiff has received treatment for depression, anxiety and panic attacks

---

[7] However, the letter she attaches does not state that plaintiff was "admitted" for treatment, rather it states that her healthcare provider has approved her for benefits to cover mental health treatment. (ECF 44 at 75).

[8] As noted above in footnote three, a complaint is deemed to include any written instrument attached to it as an exhibit or any statement or documents incorporated in it by reference. In addition, "[a] court may consider matters outside the pleading for the purposes of adjudicating a motion to dismiss if those documents are 'integral' to a plaintiff's claims—even if the plaintiff fails to append or allude to them to his complaint." *Grosz v. Museum of Modern Art*, 09 Civ. 3706, 2010 WL 88003, at *23 (S.D.N.Y. Jan. 6, 2010) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44 (2d Cir. 1991)); *accord Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565–66 (2d Cir. 2006); *Yung v. Lee*, 432 F.3d 142, 146–47 (2d Cir. 2005). This is particularly true where, as here, plaintiff is the party introducing extrinsic documents in opposition to defendants' motion to dismiss. *Adams v. Crystal City Marriott Hotel*, No. 02 Civ. 10258, 2004 WL 744489, at *3 (S.D.N.Y. Apr. 6, 2004). ([T]ypically the problems associated with extraneous material at the motion to dismiss stage arise because a defendant has submitted evidence in support of a motion to dismiss, rather than because a plaintiff has submitted evidence in opposition to a motion to dismiss.")

from February 24, 2012 to at least November 23, 2012 (before the Right to Sue letter was issued), and her doctor visit on April 8, 2013 (after the statute of limitations expired) reflects her treatment for a panic attack. (ECF 44 at 58-59, 76). The records also reflect that plaintiff had numerous doctors' appointments during the period she seeks to toll (December 12, 2012, December 17, 2012, December 31, 2012, January 11, 2013, January 14, 2013 and January 28, 2013) and was prescribed various medications for the treatment of her heart and psychological conditions. (ECF No. 44 at 61-70; 73-74).

"While case law reflects that a plaintiff's medical or mental condition can justify equitable tolling, a 'conclusory and vague claim, without a particularized description of how [a] condition adversely affected [a plaintiff's] capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling.'" *Webster v. Potter*, 746 F.Supp.2d 635, 641 (S.D.N.Y. 2010) (quoting *Boos*, 201 F.3d at 185); accord *Hedgepeth v. Runyon*, No. 96 Civ. 1161, 1997 WL 759438 at *4–5 (S.D.N.Y. Dec. 10, 1997) (to receive tolling of Title VII statute of limitations based on illness, plaintiff bears the burden to show that "'disability [was] of such a nature that plaintiff [was] unable to manage his business affairs and [was] incapable of comprehending and protecting his legal rights and liabilities.'").

Plaintiff fails to meet the high bar of "extraordinary" circumstances to warrant equitable tolling here. *Dillon v. Conway*, 642 F.3d at 363; *Kantor-Hopkins v. Cyberzone Health Club*, No. 06 Civ. 643, 2007 WL 2687665 at *7 (E.D.N.Y. Sept. 10, 2007) ("Whether equitable tolling should be applied is not a question of the illness' severity and it is not a question of hospitalization"; rather, the issue is "whether a party can show that the illness was so extraordinary that it functioned as a complete bar to the procedural steps required to file suit in a

timely fashion throughout the entire period in question."). Plaintiff not only fails to demonstrate that her medical or mental health circumstances were extraordinary, she also fails to show that her condition during the ninety-day period she seeks to toll was different from her condition before or after that period. *Viti v. Guardian Life Insurance Co. of America*, No. 10 Civ. 2908, 2013 WL 6500515, at 4-5 (S.D.N.Y. Dec. 21, 2013) (statute of limitations in long-term disability insurance contract was not equitably tolled where, although plaintiff's condition induced by the September 11, 2001 terrorist attacks was severe and genuine, his condition during the tolling period was no different than his condition before or after the tolling period). As plaintiff fails to demonstrate extraordinary circumstances, she is not entitled to equitable tolling.

Plaintiff has not shown that her medical and mental health condition was of such a nature that she was unable to manage her affairs and that she was incapable of comprehending her legal rights. *Boos*, 201 F.3d at 185 (plaintiff bears the burden of providing a "particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights."). Plaintiff only states that she "has days when she cannot walk without being attended, and days when she cannot focus to computer pleadings work for her cases." (ECF No. 42 at 10); *see, e.g., Webster v. Potter*, 746 F. Supp. 2d at 641 (plaintiff failed to explain how his alleged medical, mental, and legal issues affected his capacity to function, nor did plaintiff connect these issues to his late filing or demonstrate that he acted with reasonable diligence during the period he sought to toll), citing, *inter alia, DaCosta v. Union Local 306*, No. 08 Civ. 2470, 2009 WL 2986388, at *11 (S.D.N.Y. Aug. 12, 2009) (plaintiff not entitled to equitable tolling where he did not show that his paranoid schizophrenia, anxiety, frustration, anger, and memory troubles were so severe that they rendered him unable to pursue his legal rights during the relevant time period.); *Gannon v. Continuum Health Partners*,

*Inc.*, No. 06 Civ. 5133, 2007 WL 2040579, at *5 (S.D.N.Y. July 12, 2007) ("[C]ounsel has not indicated how plaintiff's depression adversely affects her capacity to function. Plaintiff has[,] therefore, failed to establish[ ] that equitable [t]olling is warranted because of her mental illness."); *Victorial v. Burge*, 477 F.Supp.2d 652, 655 (S.D.N.Y. 2007) (litigant was required to "demonstrate some form of incapacitation due to the mental illness that affected his ability to act with due diligence during the time period at issue")).

Moreover, plaintiff fails to connect her heart condition, anxiety and depression to the late filing of the complaint and fails to demonstrate that she "acted with reasonable diligence during the time period [she] seeks to have tolled...." *Zerilli–Edelglass*, 333 F.3d at 80 (internal quotation marks and citations omitted). Plaintiff received the EEOC's December 12, 2012 Right to Sue letter informing her that she was required to file her lawsuit within ninety days of her receipt of the letter. Plaintiff underwent surgery on January 16, 2013, approximately one month after the Right to Sue letter was issued and two months before the filing deadline in March, 2013. Although she was in the hospital two days and had six doctors' visits, with ongoing treatment for depression, anxiety, panic attacks and a heart condition, plaintiff's allegations do not demonstrate that these health problems rendered her unable to pursue his legal rights during the ninety-day limitations period. *Zerilli-Edelglass*, 333 F.3d at 79-80 (employee not entitled to equitable tolling where she was apparently capable of writing coherent letters on her own behalf, as well as making numerous phone calls to the EEOC during the time period in question, and nothing in the employee's papers evidenced why these mental impairments, however distressing, had any negative impact on her capacity to file the EEOC charge in a timely manner); *see also Predun v. Shoreham–Wading River Sch. Dist.*, 489 F.Supp.2d 223, 229–30 (E.D.N.Y. 2007) (Plaintiff's epilepsy "in no way interfered with the carrying out of his obligations and his

knowledge of all circumstances surrounding his daily life and employment" where he "was able to visit his psychologist and his neurologist when necessary."). Plaintiff fails to establish that her conditions prevented her from filing this action in a timely manner; she was, for example, able to timely attend her doctors' appointments and was able to continue her unpaid overtime claim before the New York State Department of Labor. (ECF No. 44 at 61-70, 73-74, 94). Moreover, minimal information was required for plaintiff to file an action using the Court's employment discrimination form complaint. Timely filing of the form complaint would have been sufficient and preserved plaintiff's rights. As defendants point out in their motion to dismiss, plaintiff originally dated her complaint March 15, 2013, a date on which it would have been timely-filed.

Because equitable tolling is to be applied "sparingly," *National R.F. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), and not out of "vague sympathy for particular litigants," *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 152, plaintiff's conclusory claims of medical and mental problems are "manifestly insufficient to justify any further inquiry into tolling," *Boos*, 201 F.3d at 185. Because plaintiff did not timely file her complaint and because she is not entitled to equitable tolling of the 90–day statutory deadline, her complaint must be dismissed as time-barred. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d at 146 (without "a recognized equitable consideration, the court cannot extend the limitations period by even one day"). [9] Accordingly, defendants' motion to dismiss plaintiff's claim under Title VII is granted.

---

[9] To the extent that plaintiff is also attempting to argue that her delay in filing should be excused because it is only a few days beyond the limitations period, "the standard is not whether the delay is *de minimus*, but rather whether plaintiff acted with reasonable diligence and [has] proven that his circumstances were so extraordinary that equitable tolling should apply." *O'Leary v. Town of Huntington*, No. 11–CV–3754, 2012 WL 3842567, at *6 (E.D.N.Y. Sept. 5, 2012). As the Supreme Court has explained, "[f]iling deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them,

15

### D. Plaintiff's ADA and ADEA Claims Are Unexhausted

Defendants move to dismiss plaintiff's ADA and ADEA claims on the ground that they are unexhausted. Although age and disability claims were absent from her NYSDHR Complaint, (ECF No. 1 at 59), plaintiff checked the line for claims under the ADEA and the boxes for age and disability in her form complaint, and states that she was discriminated on the basis of both. *Id.* at 1, 3, 7. Although the Court liberally construes the complaint to include these claims, they fail not only because there are no facts alleged to support these claims, but because plaintiff failed to exhaust her claims under the ADA and the ADEA.[10]

A plaintiff must exhaust her administrative remedies with the EEOC or an authorized agency before bringing ADA or ADEA claims in federal court. *See* 29 U.S.C. § 626(d)(2) ("No civil action may be commenced by an individual under [the ADEA] until . . . a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission"); 42 U.S.C. § 12117(a) (adopting exhaustion requirement of Title VII codified at 42 U.S.C. § 2000e–5 for the ADA); *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 158 (2d Cir. 2008) (ADEA). In New York, a "dual filing" state, a plaintiff has 300 days from the time the allegedly

---

but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985); *see Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir.1999) ("[S]tatutes of limitations are not to be disregarded by courts out of a vague sympathy for particular litigants. Indeed, strict adherence to limitation periods is the best guarantee of evenhanded administration of the law." (internal quotation marks and citations omitted).

[10] Moreover, even if plaintiff had exhausted her ADA and ADEA claims, they too, like her Title VII claims, are time-barred. *See Stalter v. Bd. of Coop. Educ. Servs.of Rockland Cnty.*, 235 F.Supp.2d 323, 332 (S.D.N.Y. 2002) ("The ADA incorporates the statute of limitations of Title VII of the Civil Rights Act of 1964."). "Similarly, a court may hear only those ADEA claims that are included in a timely filed EEOC charge." *Walter v. Hamburg Central School District*, No. 04 CV 996, 2007 WL 1480965, at *3 (W.D.N.Y. May 18, 2007) (citing *Holowecki v. Federal Express Corp.*, 440 F.3d at 562). However, "[u]nlike Title VII, the ADEA does not require that the claimant receive a right to sue letter prior to commencing an action in federal court. However, if the EEOC issues a right to sue letter, the claimant must commence an action within 90 days after its receipt." *Id.* at FN 3.

discriminatory act occurred to file a Title VII charge with the EEOC or the New York State Division of Human Rights. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 109. This requirement is an "essential element" of the statutory scheme. *Butts v. City of New York Dep'tt of Housing*, 990 F.2d 1397, 1401 (2d Cir. 1993). As the Second Circuit has noted, the purpose of the notice provision "would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC." *Id.* In other words, a party may only raise claims in federal court that were asserted in its original administrative complaint or claims that "are reasonably related to those that were filed with the agency." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (quotation omitted).

Plaintiff neither checks the boxes to claim age or disability discrimination nor alleges any facts relating to discrimination based on age or disability discrimination in her March 29, 2012 NYSDHR Complaint. (ECF No. 1 at 59). The EEOC construed plaintiff's NYSDHR Complaint as arising solely under Title VII, not the ADA or the ADEA. *Id.* at 52. The only discrimination plaintiff alleges in her NYSDHR Complaint is based on her sex, national origin, marital status and domestic violence victim status;[11] the ADA and ADEA claims asserted in her complaint cannot be construed as "reasonably related" to her agency charge. *See, e.g., Edwards v. New York State Unified Court Sys.*, No. 12 Civ. 46, 2012 WL 6101984, at *7 (S.D.N.Y. Nov. 20, 2012) ("allegations of disability discrimination are not, therefore, reasonably related to the race discrimination . . . claims [plaintiff] filed with the EEOC. Accordingly, to the extent Edwards raises an ADA claim, such a claim is barred."); *Rosero v. Supreme Sys., Inc.*, No. 11-CV-4062, 2012 WL 3542021, at *4 (E.D.N.Y. Apr. 24, 2012) (dismissing ADA claim where "[p]laintiff's

---

[11] The Court notes that plaintiff's Title VII claim for race discrimination is also unexhausted because plaintiff did not allege any discrimination based on race in her NYSDHR complaint, nor would race discrimination be considered "reasonably related" to the claims she did raise: sex, national origin and domestic violence.

NYSDHR charge did not mention . . . any [] physical or mental condition that would have placed defendant or the agency on notice of plaintiff's claims under the ADA"). Therefore, because plaintiff failed to exhaust her age and disability discrimination claims, defendants' motion to dismiss plaintiff's ADA and ADEA claims is granted. Fed. R. Civ. P. 12(b)(6).

### E. State Law Claims

Plaintiff raises a host of other claims in her complaint, all of which arise under New York state law: breach of contract, fraud, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, underpayment of wages, wrongful discharge, breach of employment oral contract, and, implicitly, claims under the New York State Human Rights Law ("NYHRL"). Defendants are correct that plaintiff's NYHRL discrimination claims are barred by the election of remedies doctrine and must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002); *Ganthier v. N. Shore–Long Island Jewish Health Sys., Inc.*, 345 F.Supp.2d 271, 282 (E.D.N.Y. 2004) (citing N.Y. Exec. Law § 298) (After the State Division of Human Rights renders a decision on a charge of discrimination, a plaintiff's only recourse is to "appeal the decision to the Supreme Court of the State of New York.").

Because defendants' motion to dismiss plaintiff's federal claims is granted by the Court, it declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction" over related state law claims if the court "has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Valencia v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) (explaining

that declining supplemental jurisdiction over state-law claims is appropriate where federal claims have been dismissed at a relatively early stage). Accordingly, plaintiff's state law claims are dismissed without prejudice.

**F. Leave to Replead**

Although plaintiff has not requested leave to amend her complaint, the Court considers whether plaintiff should be given an opportunity to amend her employment discrimination claims. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, even under this liberal standard, any attempt to amend the pleading in this case would be futile as plaintiff's federal claims are time-barred and/or unexhausted. These defects cannot be remedied by amendment. Where any amendment to the complaint would clearly be futile, it is appropriate to dismiss without leave to replead. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

## CONCLUSION

For the reasons set forth herein, plaintiff's motions are denied, except for plaintiff's motion to seal the medical records which is granted. The Clerk of Court shall seal those records attached as "Exhibit L," (ECF No. 44 at 54-83), for parties' eyes only. Defendants' motion to dismiss plaintiff's claims under federal law is granted in its entirety. The Court declines to

exercise supplemental jurisdiction over any state law claims. Any state law claim is dismissed without prejudice, except plaintiff's discrimination claims under the NYHRL are dismissed for lack of subject matter jurisdiction as they are barred by the election of remedies. Accordingly, the Clerk of the Court shall enter judgment and close the case.

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: April 28, 2014
       Brooklyn, New York